IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. BOYCE, | § | |
| | § | No. 354, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1804015828 (N) |
| Appellee. | § | |

Submitted: November 30, 2021
Decided: December 3, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After careful consideration of the notice to show cause and the responses thereto, it appears to the Court that:

(1)     On November 4, 2021, the appellant, James A. Boyce, filed a notice of appeal from the Superior Court's September 14, 2021 order denying his motion for reduction of sentence.  Under Supreme Court Rule 6, a timely notice of appeal was due on or before October 14, 2021.

(2)     On November 5, 2021, the Senior Court Clerk issued a notice directing Boyce to show cause why his appeal should not be dismissed as untimely filed.  In his response to the notice to show cause, Boyce alleges that he failed to file a timely

notice of appeal because of his lack of legal training and because the prison law library staff provided him with incorrect forms.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Court within the applicable time period to be effective.[2] An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4]

(4) There is nothing in the record that reflects that Boyce's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).

[2] Del. Supr. Ct. R. 10(a).

[3] *See Smith v. State*, 47 A.3d 481 (Del. 2012).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).